**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | )    **ID No. 1202011849** |
| | ) |
| JEFFERY EBLING | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

**Submitted:** October 2, 2015
**Decided:** January 14, 2016

*Upon Defendant's Motion for Postconviction Relief,* **SUMMARILY DISMISSED**.
*Upon Conflict Counsel's Motion to Withdraw*, **GRANTED.**

Caterina Gatto, Esquire, Deputy Attorney General, Department of Justice, Carvel State Building, 820 N. French Street, 7th Floor, Wilmington, DE 19801, *Attorney for the State*

Donald R. Roberts, Esquire, 900 Kirkwood Highway, Elsmere, Delaware 19805, *Attorney for the Defendant*

**BRADY, J.**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Before the Court is a Motion for Postconviction Relief, filed pursuant to Superior Court Criminal Rule 61 ("Rule 61"), byJeffery Ebling ("Defendant") on September 4, 2013.[1] On March 26, 2012, Defendant was indicted on one count of Robbery in the First Degree, three counts of Possession of a Deadly Weapon During the Commission of a Felony, three counts of Possession of a Deadly Weapon by a Person Prohibited, two counts of Aggravated Menacing, and one count of Wearing a Disguise During the Commission of a Felony.[2] On September 10, 2012, Defendant entered a guilty plea to Robbery in the First Degree and two counts of Aggravated Menacing, and agreed to be sentenced pursuant to 11 *Del. C.*§ 4214(a) on the count of Robbery in the First Degree.[3] At sentencing on January 25, 2013, Defendant was not sentenced pursuant to 11 *Del. C.*§ 4214(a) because certified records revealed that Defendant was subject only to sentencing pursuant to 11 *Del. C.*§ 4214(b), which required a mandatory life sentence on the offense of Robbery in the First Degree.[4] Instead, the State withdrew the petition to declare Defendant an habitual offender and requested Defendant be sentenced to twenty-five years at Level V, the sentence which was contemplated by the original plea offer.[5] The Court sentenced the Defendant to 25 years for the Robbery in the First Degree charge and suspended incarceration for probation supervision on the other charges.[6]

On September 4, 2013, Defendant filed this Motion for Postconviction Relief alleging that his trial counsel was ineffective in relation to his guilty plea, allegingthat he failed to investigate, and that Defendant sufferedprejudice as a result.[7]On September 12, 2013, theCourt

---

[1]Def.'s Mot. forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 23 (April 15, 2013).
[2] Indictment, *State v. Ebling,* No. 1202011849, Docket No. 2 (March 26, 2012).
[3] Plea, *State v. Ebling,* No. 1202011849, Docket No. 9 (Sept. 10, 2012).
[4] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *2-7 (Dec. 18, 2013).
[5] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *2-7 (Dec. 18, 2013).
[6]*See* Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29 (Dec. 18, 2013).
[7]Def.'s Mot. forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 23 (April 15, 2013).

ordered the Office of Conflict Counsel to appoint Defendant counsel to represent him in his Motion for Postconviction Relief[8] and on September 23, 2013, Donald Roberts, Esquire, ("Conflict Counsel") was appointed to represent Defendant.[9] Conflict Counsel subsequently filed a Motion to Withdraw as Counsel on February 28, 2014.[10] On September 26, 2014, after the Court had not received any submission from the State, the Court sent a letter indicating that the State had 15 days to advise the Court of the status of the State's response.[11]

On November 10, 2014, the Court, after not receiving submissions from the State, scheduled a hearing on Conflict Counsel's Motion to Withdraw[12] and on November 17, 2014, the State filed a response to Defendant's claims.[13] On February 26, 2015, the Court entered a scheduling order giving the State until March 27, 2015, to respond to the substance of Defendant's motion and the Defendant was given until April 24, 2015, to file a response.[14] On March 30, 2015, the State filed a Response to Defendant's Motion for Postconviction Relief.[15] On August 28, 2015, the Court had not received any submission from the Defendant and therefore gave the Defendant until October 2, 2015, to submit any further information he wished the Court to consider.[16] The Court advised that if the Defendant did not receive anything from the Defendant that the Court would decide the matter on the record before it.[17] Defendant did not file any additional response and the Court took the matter under consideration on October 2, 2015. For the reasons discussed below, Defendant's Motion for Postconviction Relief is **DENIED** and Conflict Counsel's Motion to Withdraw is **GRANTED.**

---

[8] Order, *State v. Ebling,* No. 1202011849, Docket No. 26 (Sept. 12, 2013).
[9] Email, *State v. Ebling,* No. 1202011849, Docket No. 27 (Sept. 23, 2013).
[10] Mot.to Withdraw as Counsel, *State v. Ebling,* No. 1202011849, Docket No. 33 (Feb. 28, 2014).
[11] Letter, *State v. Ebling,* No. 1202011849, Docket No. 35 (Sept. 26, 2014).
[12] Letter, *State v. Ebling,* No. 1202011849, Docket No. 36 (Nov. 10, 2014).
[13] State Response, *State v. Ebling,* No. 1202011849, Docket No. 37 (Nov. 17, 2014).
[14] Letter/Order, *State v. Ebling,* No. 1202011849, Docket No. 39 (Feb. 26, 2015).
[15] State's Response, *State v. Ebling,* No. 1202011849, Docket No. 40 (March 30, 2015).
[16] Letter, *State v. Ebling,* No. 1202011849, Docket No. 41 (Aug. 28, 2015).
[17] Letter, *State v. Ebling,* No. 1202011849, Docket No. 41 (Aug. 28, 2015).

## II. PROCEDURAL BARS

Before addressing the merits of Defendant's claims, the Court must apply the procedural bars set forth in Superior Court Criminal Rule 61(i).[18]The version of the Rule in effect at the time that this Motion was filed provides thatthe Court must reject a motion for postconviction relief if it is procedurally barred.[19] That Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or the claim has been formerly adjudicated.[20]Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[21] Rule 61(i)(2) provides that a motion is repetitive if the defendant has already filed a Motion for Postconviction Relief and that a claim is waived if the defendant has failed to raise it during a prior postconviction proceeding, unless "consideration of the claim is warranted in the interest of justice."[22]Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice form violation of the movant's rights."[23] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[24]

---

[18]*Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[19] As the Delaware Supreme Court noted in *Collins v. State*, a Motion for Postconviction Relief is controlled by the version of Rule 61 in effect when the motion was filed and not by any former version of the rule. *Collins v. State*, 2015 WL 4717524, at *1 (Del. Aug. 6, 2015).

[20]*See* Super. Ct. Crim. R. 61(i)(1)-(4) (2013).

[21] Super. Ct. Crim. R. 61(i)(1) (2013).

[22] Super. Ct. Crim. R. 61(i)(2) (2013).

[23] Super. Ct. Crim. R. 61(i)(3) (2013).

[24] Super. Ct. Crim. R. 61(i)(4) (2013).

If a procedural bar exists, the Court will not consider the merits of Defendant's postconviction claim unless Defendant can show that the exception found in Rule 61(i)(5) applies.[25] Rule 61(i)(5) provides that the procedural bars can be overcome if Defendant makes out a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[26]

Defendant's Motion for Postconviction Relief is not procedurally barred. Defendant filed his motion within one year from the date the conviction became final.[27] Defendant has not raised these issues before and therefore they are not repetitive nor were they formally adjudicated.

## III. APPLICABLE LAW

In his Motion for Postconviction Relief, Defendant alleges that his trial counsel was ineffective in relation to his guilty plea, that trial counsel failed to investigate, and that Defendant suffered prejudice as a result.[28]

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defendant.[29] In the context of a guilty plea, "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in *McCann*.'"[30] As such, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of

---

[25]*See* Super. Ct. Crim. R. 61(i)(5) (2013).

[26]*Id.*

[27] Defendant was sentenced on January 25, 2013, and this Motion for Postconviction Relief was filed on September 4, 2013. Defendant did not file a direct appeal with the Delaware Supreme Court. Therefore, pursuant to Rule 61(m), Defendant's motion is not time barred. *See* Super. Ct. Crim. R. 61(m).

[28]Def.'s Mot. forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 23 (April 15, 2013).

[29]*Strickland v. Washington*, 446 U.S. 668, 687 (1984).

[30]*Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *Tollet v. Henderson*, 411 U.S. 258, 267 (1973)).

5

competence demanded of attorneys in criminal cases.'"[31] The prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[32] It is not sufficient to "show that the errors had some conceivable effect on the outcome of the proceeding."[33]

Because Defendant must prove both prongs of *Strickland*, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[34] Instead, "[i]f it is easier to dispose of an ineffectiveness claim on the grounds of lack of sufficient prejudice, . . . that course should be followed."[35]

## IV. ANALYSIS

### i. Trial counsel was not ineffective in relation to the guilty plea

Defendant argues that his guilty plea was not voluntarily made because trial counsel "supplied [Defendant] with erroneous information about Defendant's Habitual Status and length of sentence."[36] In fact, at the time of the entry of his pleas of guilty, no motion to declare the Defendant an habitual offender had yet been filed. At the time of the plea, the Court specifically addressed both the penalties the Defendant faced if he was not declared an habitual offender and those he faced if he was so declared.[37] The Defendant indicated he understood each of the

---

[31]*Id.* at 56 (quoting *McCann v. Richardson*, 397 U.S. 759, 771 (1973)).
[32]*Hill*, 474 U.S. at 59.
[33]*Strickland*, 446 U.S. at 693.
[34]*Id.* at 697.
[35]*Id.*
[36]Memorandum in Support of Def.'s Mot.forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *5 (Sept. 4, 2013).
[37]*See* Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *10-11 (Jan. 8, 2014).

6

possible sentences.[38]At sentencing, the State and trial counsel realized that Defendant was not an habitual offender under 11 *Del. C.*§ 4214(a) (which carried a penalty of 25 years minimum to life on the court's discretion) but rather an habitual offender under 11 *Del. C.*§ 4214(b)(which required a mandatory life sentence) as to the offense of Robbery in the First Degree.[39] Because of this mistake, the State elected not to pursue habitual offender status and withdrew the motion. The State then recommended Defendant be sentenced to 25 years at Level V, which was the sentence contemplated in the original plea offer.[40]The Court sentenced the Defendant to 25 years on the charge of Robbery in the First Degree, and Defendant was not sentenced as an habitual offender.Ultimately, the record is clear that Defendant benefited from a mistaken belief that he was an habitual offender pursuant to 11 *Del. C.*§ 4214(a) rather than pursuant to 11 *Del. C.*§ 4214(b), and the State's decision, given the circumstances, to withdraw the motion. The Court finds that Defendant has failed to establish prejudice resulting from the alleged failures of his trial counsel. Defendant hasfailed to meet the second prong of *Strickland*.[41]

Further, the Defendnat must show that, but for the alleged ineffectiveness of counsel, he would not have entered a plea of guilty and would have insisted on going to trial.[42] In fact, the Defendant made clear that trial was not an option in his view of the case. Defendant stated, "[a]t the time the plea was offered, I was saying I was habitual eligible and he kept saying I wasn't. And he left me no choice, it was either 25 to life at the time. Knowing I'm guilty and couldn't go to trial, the options, you have 25 to life, I really did not see how I didn't -- I did not have an

---

[38]*See* Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *10-11 (Jan. 8, 2014).
[39] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *2-7 (Dec. 18, 2013).
[40] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *2-7 (Dec. 18, 2013).
[41]*See Strickland*, 446 U.S. at 693.
[42]*Hill*, 474 U.S. at 59.

option there."[43]  Clearly, the Defendant was not, at the time of the plea, at all interested in going to trial.

Defendant argues that he was not given the choice when he entered his plea to express his unhappiness with his trial counsel.[44]  The record reflects that Defendant was asked by the Court whether he was satisfied with the representation his trial counsel had provided him, to which defendant responded that he was.[45]  The Court finds no merit in this argument.

## ii.  Trial counsel was not ineffective for failing to investigate

Defendant argues that trial counsel was ineffective for failing to investigate Defendant's mental health history prior to advising that he accept the plea agreement and prior to sentencing.[46]  Defendant further argues that had trial counsel investigated Defendant's mental health history a plea of guilty but mentally ill would have been offered.[47]

The record reflects that trial counsel did investigate Defendant's mental health history prior to advising him to accept the plea agreement and prior to sentencing.  Specifically, on August 24, 2012,the Court granted a motion, presented by trial counsel, requesting a psychiatric/psychological evaluation of the Defendant for the purpose of determining Defendant's mental status at the time of the offense and to determine psychiatric or psychological treatment needed for the Defendant.  This evaluation was completed on October 2, 2012, approximately two months prior to the entry of the guilty plea.

Defendant's assertion that a plea of guilty but mentally ill should have been pursued is without merit.  On October 2, 2012, Defendant was examined by Charlotte Selig ("Selig") at the

---

[43] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *5 (Dec. 18, 2013).
[44] Memorandum in Support of Def.'s Mot.forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *5 (Sept. 4, 2013).
[45] Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *11 (Jan. 8, 2014).
[46] Memorandum in Support of Def.'s Mot.forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *5 (Sept. 4, 2013).
[47] Memorandum in Support of Def.'s Mot.forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *5 (Sept. 4, 2013).

Delaware Psychiatric Center.[48]   Selig opined that Defendant "did not provide discussion of or acknowledge/report any signs or symptoms of a major mental illness in the time before or of the alleged events that would qualify him as meeting the Delaware Standards for *Guilty But Mentally Ill*."[49]   Specifically, Selig noted that Defendant "denied any auditory or visual hallucinations, mood swings/liability of a nature that would suggest a major affective disorder, signs of manic episode, paranoid beliefs, delusional thinking, etc.  While [Defendant] did not draw a connection between his discussion of his relapse into heroin abuse and the offense as alleged, the tenor of his discussion suggested that despite emotional issues he has had in his life, [Defendant's] conduct as alleged may have been more likely related to choices made in furtherance of other goals or aspects of himself, and/or to other expedient needs."[50] The record reflects that trial counsel did investigate Defendant's mental health history, that Defendant did not meet the statutory requirements to enter a plea of guilty but mentally ill.  There is no merit to this claim.

Defendant additionally argues that trial counsel was ineffective for failing to investigate Defendant's criminal background.   Specifically, Defendant argues that "Counsel visited [Defendant] to acknowledge he indeed was <u>not</u> Habitual eligible, but the state would be seeking the maximum amount of time."[51]   Defendant further argues he signed the plea under "false pretenses and erroneous advice . . ."[52] Defendant did indeed, sign the plea with the erroneous understanding that he was facing 25 years minimum, to a maximum of a life sentence.  In fact, upon review of the record, if declared an habitual offender, he faced a mandatory life sentence.

---

[48] Delaware Psychiatric Center Forensic Mental Health Examination, Exhibit B to Conflict Counsel's Motion to Withdraw, *State v. Ebling,* No. 1202011849, Docket No. 33 (Feb. 28, 2014).

[49] Delaware Psychiatric Center Forensic Mental Health Examination, Exhibit B to Conflict Counsel's Motion to Withdraw, at *7, *State v. Ebling,* No. 1202011849, Docket No. 33 (Feb. 28, 2014).

[50] Delaware Psychiatric Center Forensic Mental Health Examination, Exhibit B to Conflict Counsel's Motion to Withdraw, at *9, *State v. Ebling,* No. 1202011849, Docket No. 33 (Feb. 28, 2014).

[51] Memorandum in Support of Def.'s Mot. for Postconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *7-8 (Sept. 4, 2013).

[52] Memorandum in Support of Def.'s Mot. for Postconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *7-8 (Sept. 4, 2013).

Had the State pursued his sentencing as an habitual offender and sought a mandatory life sentence, the Defendant would clearly have been well advised to withdraw his pleas of guilty, and the Court, undoubtedly, would have permitted it. However, the Court, in the plea colloquy, addressed Defendant regarding the penalties he faced if he was not declared an habitual offender—up to 41 years.[53] The Defendant indicated he understood the potential penalties if he was not declared habitual and wished to enter the plea. Further, the Defendant acknowledged his situation when asked by the Court at his sentencing hearing.[54] The Court therefore finds that there is no merit to this claim.

### iii. Trial counsel was not ineffective for allegedly prejudicing the Defendant

Defendant argues that trial counsel advised Defendant to "tell the court he understood the explanation concerning his plea agreement regarding 'habitual' eligibility," and that he did not in fact understand it when he entered his plea of guilty.[55] The record reflects that the Court explained the consequences of being sentenced as an habitual offender. Specifically, the Court asked the Defendant "[d]o you understand that if the State didn't declare you habitual, you could face up to 41 years incarceration?,"[56] to which the defendant responded that he understood.[57]The Court further informed the Defendant that if the State did declare Defendant an habitual offender "it'll be life plus some other years."[58] In addition, at sentencingthe State did not file a petition under 11 *Del. C.* 4214(a) or (b), and as a result Defendant was not sentenced as anhabitual

---

[53] Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *10 (Jan. 8, 2014).
[54] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *6-7 (Dec. 18, 2013).
[55]Memorandum in Support of Def.'s Mot.forPostconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *8 (Sept. 4, 2013).
[56] Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *10-11 (Jan. 8, 2014).
[57] Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *10-11 (Jan. 8, 2014).
[58] Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *10-11 (Jan. 8, 2014).

offender.[59] The Court finds that Defendant has failed to establish prejudice by the alleged failures of his trial counsel, thereby failing to meet the second prong of *Strickland*.[60]

Defendant argues that he expressed to the Court his "dissatisfaction with [trial counsel] to no avail."[61] The record reflects that Defendant never mentioned his dissatisfaction with trial counsel when he entered his plea of guilty or at the sentencing hearing. Instead, Defendant expressed that he was satisfied with the representation that his trial counsel had provided him.[62] The Court finds no merit to Defendant's argument.

Finally, Defendant contends trial counsel was ineffective for stating at sentencing that Defendant had a "death wish," because Defendant alleges that this statement was used against him to explain why he should be incarcerated for twenty-five years.[63] The record reflects that it was the State that first mentioned that Defendant had a "death wish." Specifically, the State argued that Defendant "isn't doing [robberies] because he needs the money; he's doing this almost as a death wish. And that makes him even more dangerous because someone who's giving up on caring about himself certainly isn't going to care about the health and well-being of other people."[64] Trial counsel then responded by stating, "I think it was good that [Defendant] got to see how, even though he was trying to throw his life away, how, in doing so, he affects others and, hopefully, that will help him out and help him as he goes forward. One day when he is released, he'll know that he does have something to live for."[65] Trial counsel's statement was

---

[59] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *3 (Dec. 18, 2013).
[60] *See Strickland*, 446 U.S. at 693.
[61] Memorandum in Support of Def.'s Mot. for Postconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *8 (Sept. 4, 2013).
[62] Transcript of Plea Hearing, *State v. Ebling,* No. 1202011849, Docket No. 32, at *11 (Jan. 8, 2014)("THE COURT: Are you satisfied with the representation that Mr. Armstrong has provided you? THE DEFENDANT: Yes.").
[63] Memorandum in Support of Def.'s Mot. for Postconviction Relief, *State v. Ebling,* No. 1202011849, Docket No. 25, at *8 (Sept. 4, 2013).
[64] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *9 (Dec. 18, 2013).
[65] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *11 (Dec. 18, 2013).

made to advance Defendant's position and in the hopes that the Court would provide a more lenient sentence. Trial counsel also had a factual basis for stating that Defendant "was trying to throw his life away"[66] because the Forensic Mental Health Examination report conducted by Selig indicated that Defendant "reported he had a history of self-injurious behaviors, leading to his suicide attempt and subsequent stay at Rockford."[67]The Courtfinds that trial counsel's performance was not deficient and Defendant has failed to establish the first prong of *Strickland.*[68]

## V. CONCLUSION

For the reasons stated above, Defendant's Motion for Postconviction Relief is **DENIED** and Conflict Counsel's Motion to Withdraw is **GRANTED**. Conflict Counsel has a continuing duty which is limited to notifying the Defendant of the Court's ruling and advising the Defendant of the right to appeal, the rules for filing a timely notice of appeal, and that it is the Defendant's burden to file a notice of appeal if desired.

**IT IS SO ORDERED.**

_____/s/_____
**M. Jane Brady**
Superior Court Judge

---

[66] Transcript of Sentencing, *State v. Ebling,* No. 1202011849, Docket No. 29, at *11 (Dec. 18, 2013).
[67] Delaware Psychiatric Center Forensic Mental Health Examination, Exhibit B to Conflict Counsel's Motion to Withdraw,at *4, *State v. Ebling,* No. 1202011849, Docket No. 33 (Feb. 28, 2014).
[68]*See Strickland*, 446 U.S. at 693.